CROSS, Judge.
Janet C. Bigelow and other career service employees of the State Department of Environmental Regulation are seeking through petition for writ of certiorari a review of an order of the Career Service Commission upholding a reduction of petitioners’ salaries.
In order to promote efficiency and achieve cost-savings and pursuant to a legislative directive, the Department of Environmental Regulation (DER) relocated its office, formerly situated in Broward County, to a location in Palm Beach County. As a result of the relocation, certain DER employees, formerly employed at the Broward Office commenced work at the new Palm Beach County facility. Pursuant to instructions by the Department of Administration, *13 the salary levels of these employees were lowered due to the fact that the geographical special appointment rate available for Broward County was either less or non-existent for the same employment class in Palm Beach County.
The geographical special appointment rate is an additional pay increment added to a career service employee’s salary as established by the Schedule of Pay Ranges, and is available in different areas of the state at various levels. The purpose of the geographical special appointment rate is to allow state agencies to compete with local government and private industry in the hiring market in certain geographic locations. These rates are not established as a cost-of-living differential, but are designed rather to aid government agencies in attracting qualified personnel to government service.
As a result of the move to Palm Beach County, petitioners either lost or had reduced their geographical special appointment rate. An appeal of the reduction in salary was then commenced. A hearing officer, after hearing, entered a recommended order upholding the salary reductions. The Career Service Commission adopted with certain changes the order of the hearing officer. The instant petition for writ of certiorari was then filed to seek review of the propriety of the order of the Career Service Commission.
The question for our determination is whether a reduction in salaries of relocated employees can be effectuated only through a validly promulgated rule.
Pursuant to the provisions of Section 110.061, Florida Statutes (1977), the State Department of Administration is required to “establish rules and procedures for the suspension, reduction in pay, transfer, layoff, demotion and dismissal of employees in the career service . . . ” (Emphasis added). See also Section 110.022(1), Florida Statutes (1977). Respondents concede in their brief that there exists no validly promulgated rule to govern the conduct of the Department in the instant situation. Instead, the Department seeks to support its action through inferred guidelines it says may be gleaned from the rationale underlying the adoption of certain other rules; in particular, Rules 22A-11.02(2) and 2.11, and what has been referred to as the “Wilder Memo.” However, we determine that such inferred guidelines cannot replace a valid agency rule under these circumstances.
Respondents contend that the absence of a validly promulgated rule does not require automatic condemnation of the agency action since such action was based upon proper justification and the petitioners’ rights were protected by the holding of a full hearing on the matter. Although we recognize that valid agency policy-making may take forms other than agency rules, we feel that since the legislative directive contained in Section 110.061, supra, explicitly requires that the Department of Administration adopt rules to govern reductions in pay of career service employees, the absence of a rule which is applicable to the instant circumstances requires that the actions of the Department in reducing the salary of these employees be declared invalid.
Accordingly, the petition for a writ of certiorari is granted and the order of the Career Service Commission is quashed and the cause remanded with directions to reinstate petitioners’ salaries to their former levels, effective from January 26, 1976.
Certiorari granted.
DAUKSCH and LETTS, JJ., concur.